UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. CHEW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01334-TWP-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Michael Chew for relief pursuant to 28 U.S.C. § 2255 must be **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

The United States argues that Chew's § 2255 motion must be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Here, Chew's judgment of conviction was entered on the clerk's docket on January 12, 2012. Chew did not appeal. His conviction therefore became final on the last day he could have filed a notice of appeal, February 1, 2012. The last day he could have filed a timely § 2255 motion was one year later, February 1, 2013. Cole's § 2255 motion, signed on August 11, 2014, is over a year late.

Chew did not file a reply addressing the argument raised by the United States that his § 2255 motion is untimely. He did assert in his motion that shortly after his commitment to the

Bureau of Prisons, he underwent surgery and that he only recently became aware of the availability of the claims he raises in his § 2255 motion. To the extent Chew can be understood to be requesting that the statute of limitations be equitably tolled, this request must be denied. Equitable tolling is a remedy reserved for "[e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Courts have rejected requests to equitably toll the statute of limitations in a number of contexts. *See Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2003) (attorney incapacity does not warrant equitable tolling); *see also Lloyd v. VanNatta,* 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcripts does not warrant tolling); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (tolling was not justified by opaque law and death of attorney's father); *Araujo v. Chandler,* 435 F.3d 678, 681 (7th Cir. 2005) (actual innocence is not a freestanding exception to the time limits); *Gildon v. Bowen,* 384 F.3d 883, 887 (7th Cir. 2004) (no tolling when a corrections officer fails to deliver the prisoner's mail). Chew's assertions here do not show that he pursued his rights diligently or that some extraordinary circumstance stood in his way. He does not state the manner or the length of time in which his surgery may have incapacitated him or what he steps he took to pursue his rights. Accordingly, his § 2255 motion is untimely and must be **dismissed**.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:11-cr-144-TWP-KPF-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Chew has failed to show that

reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 2/4/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL A. CHEW
10086028
LORETTO - FCI
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940

All electronically registered counsel